1  John Shaeffer (State Bar No. 138331)
   jshaeffer@lathropgage.com
2  Jeffrey Grant (State Bar No. 218974)
   jgrant@lathropgage.com
3  LATHROP & GAGE LLP
   1888 Century Park East, Suite 1000
4  Los Angeles, CA 90067
   Telephone: (310) 789-4600
5  Fax: (310) 789-4601

6  Petty Tsay Rader (State Bar No. 227563)
   petty.rader@munchkin.com
7  MUNCHKIN, INC.
   7835 Gloria Avenue
8  Van Nuys, CA 91406
   Telephone: (818) 893-5000
9  Fax: (818) 893-6343

10 Attorneys for Plaintiff
   MUNCHKIN, INC.

11

12                    UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15 MUNCHKIN, INC., a Delaware          Case No.  14-cv-2030
   corporation,
16
                                       **COMPLAINT FOR PATENT
17            Plaintiff,                INFRINGEMENT**

18       v.

19                                     **DEMAND FOR JURY TRIAL**

20 PLAYTEX PRODUCTS, LLC, a
   Delaware limited liability company.
21
              Defendant.
22

23

24

25

26

27

---

**COMPLAINT**

Plaintiff Munchkin, Inc. ("Plaintiff" or "Munchkin") hereby alleges against defendant Playtex Products, LLC ("Defendant" or "Playtex") as follows:

**INTRODUCTION**

1.      This is an action for patent infringement under the Patent Act, 35 U.S.C. §§ 271, *et. seq.*, in that Defendant has infringed United States Patent Number 8,312,887 ("the '887 Patent") by making, using, selling, offering to sell, and/or importing dishwasher baskets, and/or by indirectly infringing the '887 Patent.

**SUBJECT MATTER JURISDICTION**

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Act set forth at Title 35 of the U.S. Code.

3.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to this claim occurred in this District and because the Defendant is subject to personal jurisdiction in this district.  Venue is further proper in this District under 28 U.S.C. § 1400(b) because the Defendant committed acts of infringement in this District.

4.      This Court has personal jurisdiction over the Defendant in this action on the grounds that, upon information and belief: (a) the Defendant has committed acts of patent infringement in this District; and (b) the Defendant does business in the State of California, and specifically in this District, directly and through authorized distributors and dealers.

5.      Jurisdiction is proper in this court because this litigation arises under federal law, namely the Patent Act at 35 U.S.C. § 1 et seq.  Thus**,** the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

1
**COMPLAINT**

**PARTIES**

6.      Munchkin is a Delaware corporation with its principal place of business in Van Nuys, California, which is within the Central District of California.  Munchkin is, and was at all times herein mentioned, qualified to do business in California.

7.      Munchkin is informed and believes, and on that basis alleges, that Defendant Playtex is a limited liability company organized under the laws of the State of Delaware and with its principle place of business in New Jersey.

**BACKGROUND**

8.      Munchkin, Inc. was founded in 1991, and is a market-leading designer, developer, manufacturer and distributor of baby care products. Munchkin's success is attributable to the company's keen ability to transform ordinary products into extraordinary ones using a unique combination of design, innovation, and concern for safety.

9.      Munchkin's critical success has led to its position as a leading company in the baby care products industry.  Munchkin has won over 30 industry awards, including the coveted Target® Corporation Partner Award of Excellence, and has been granted over 100 Patents.

10.      Munchkin believes that its brand image is very important, because consumers want a single trustworthy source for all of their baby care needs.  As a result, Munchkin has reinvigorated the category with improvements like a 2-in-1 design on bottle brushes, as well as pioneered numerous breakthroughs like the White Hot Technology® that lets moms know if the bath water or the car is too hot.

11.      On November 20, 2012, the '887 Patent was issued to Munchkin for a dishwasher basket infant feeding accessory holder directed at a dishwasher basket comprising a container; a lid that is hingedly mounted to the container; and an interior rack that is hingedly mounted to the container in a manner that is

2
**COMPLAINT**

1   independent from the hinged mounting of the lid to the container, whereby each of
2   the interior rack and the lid may be independently moved with respect to the
3   container . . ." A true and correct copy of the '887 Patent is attached as **Exhibit A**.
4       12.   The Defendant has infringed on the '887 Patent by making, using,
5   selling, offering to sell, and/or importing dishwasher baskets that infringe on at
6   least one independent claim of the '887 Patent.

7   ## CLAIM FOR RELIEF

8       13.   Munchkin re-alleges and incorporates herein by reference all
9   preceding paragraphs as though fully set forth herein.
10      14.   The '887 Patent correctly names Steven B. Dunn, Mark A. Hatherill
11  and Kevin D. Johnson as the sole inventors, and correctly names Munchkin as the
12  Assignee.
13      15.   All United States patents are presumed to be valid.
14      16.   Playtex is infringing at least one claim of the '887 Patent in violation
15  of 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing
16  its infringing dishwater baskets in the United States.  Examples of Playtex's
17  infringing products include, but are not limited to, "SmartSpace™ Dishwater
18  Basket."  True and correct copies of pictures of the "SmartSpace™ Dishwater
19  Basket" are attached as **Exhibit B**.
20      17.   Since at least April 27, 2013, Munchkin has marked its Deluxe
21  Dishwasher Basket with the '887 Patent.
22      18.   Playtex has had actual notice of Munchkin's patent rights since at
23  least April 27, 2013, and Playtex's infringement of the '887 Patent has been and
24  continues to be willful and deliberate.
25      19.   Playtex's infringement of the '887 Patent has caused great damage to
26  Plaintiff.  The amount of these damages is not yet known, but Plaintiff has lost
27  profits and royalties as a direct result of the infringement and is entitled to
28  damages adequate to compensate it for the infringement in an amount that is in no

**COMPLAINT**

event less than a reasonable royalty under 35 U.S.C. § 284. Plaintiff may also be entitled to recover prejudgment interest, costs, and treble damages under 35 U.S.C. § 284. Further, this is an exceptional case under 35 U.S.C. § 285 and Plaintiff should be awarded its attorneys' fees.

20.     As a result of Playtex's infringement of the '887 Patent, Plaintiff has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, and is suffering the violation of its patent rights, all of which will continue unless Playtex is permanently enjoined by this Court from infringing the '887 Patent under 35 U.S.C. § 283. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court enter the following orders and judgments:

a.     Finding that the Defendant infringes the '887 Patent;

b.     Permanent injunctions against the Defendant and its parents, subsidiaries, divisions, agents, dealers, officers, employees, successors, and assigns, and all others acting in concert or participation with Defendant, from:

     i.     making, using, selling, offering to sell, or importing the invention claimed in the '887Patent; and

     ii.     inducing infringement of the '887Patent;

c.     Finding the patent infringement to be willful;

d.     Awarding Plaintiff such damages, attorneys' fees, costs, prejudgment interest, and enhanced damages for patent infringement as may be shown by the evidence;

//

//

//

//

4
**COMPLAINT**

e.      Finding this to be an exceptional case and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285; and

f.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED:  March 17, 2014

By:  /s/ John Shaeffer
     John Shaeffer
     Jeffrey Grant
     Petty Tsay Rader
     Attorneys for Plaintiff
     MUNCHKIN, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial of all issues that may be tried to a jury.

DATED:  March 17, 2014

By:  /s/ John Shaeffer
John Shaeffer
Jeffrey Grant
Petty Tsay Rader
Attorneys for Plaintiff
MUNCHKIN, INC.

6
**COMPLAINT**